# Shaulis, Appellant, *v.* Quemahoning Creek Coal Company.

*Mines and mining—Grant of coal—Mining privileges for coal on other land—Transportation over surface.*

Where a deed for coal gives to the grantee the right to mine and remove the same with the mining privileges necessary or con-

venient for so doing, and grants "the free and unrestricted right to remove and carry away, under said described premises, other coal belonging to or that may hereafter belong to" the grantee, the deed does not give to the grantee the right to transport over the surface belonging to the grantor other coal from adjacent lands.

Argued Oct. 3, 1918. Appeal, No. 62, Oct. T., 1918, by plaintiff, from decree of C. P. Somerset Co., Equity Docket, 1916, No. 8, on bill in equity in case of Michael J. Shaulis v. Quemahoning Creek Coal Co. Before BROWN, C. J., STEWART, WALLING, SIMPSON and FOX, JJ. Reversed.

Bill in equity for an injunction to restrain the defendant from hauling over plaintiff's surface, coal mined upon land adjacent to the coal underlying plaintiff's tract. Before BAILEY, P. J., specially presiding.

The case turned on the construction of a deed for coal with mining privileges. The material portions of the deed are quoted in the opinion of the Supreme Court.

The court refused the injunction. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*J. A. Berkey,* for appellant.—The plaintiff's position is sustained in Farrar v. Pittsburgh & Eastern Coal Co., 28 Pa. Superior Ct. 280. See also Fisher v. Ruch, 12 Pa. Superior Ct. 240; Rockafellow v. Hanover Coal Co., 12 Pa. C. C. R. 241; Stewart v. Northwestern Coal & Iron Co., 147 Pa. 612; Potter v. Rend, 201 Pa. 318.

*Norman T. Boose,* for appellee.—The owner of the coal is also the owner of the chamber or space caused by the removal of the coal; and, so long as such ownership continues, may use the space or passages opened for its removal for the transportation of coal from adjoining lands: Lillibridge v. Lackawanna Coal Co., 143 Pa. 293; Weber v. Vogel, 189 Pa. 156; New York & Pittston Coal Co. v. Hillside Coal & Iron Co., 225 Pa. 211; Westerman

v. Penn'a Salt Mfg. Co., 260 Pa. 140; Stewart v. North-western C. & I. Co., 147 Pa. 612.

OPINION BY MR. JUSTICE FOX, January 4, 1919:

The plaintiff owns a tract of land in Lincoln Township, Somerset County, containing 101.84 acres. The coal underlying this tract was conveyed to the defendant company by the predecessors in title of the plaintiff. The deed of conveyance contained a clause which gives rise to this controversy and was as follows:

"Together with the free and unqualified right to mine and remove all of said coal and with all the mining rights and privileges necessary or convenient to such mining and removal of same, together with the free and unrestricted right to remove and carry away, under said described premises, other coal belonging to or that may hereafter belong to the said parties of the second part, its successors or assigns, without liability or damage on account of the exercise of said rights and privileges, but if any of said land shall be damaged by reason of the mining and removal of the coal subsidence or caving in, the same shall be paid for by the said party of the second part, its successors or assigns, to the said parties of the first part, their heirs or assigns, at the rate of $100 per acre for surface actually damaged."

The defendant company in addition owned a large tract of coal land either in fee or by lease which adjoined the land above mentioned, making the total acreage about 2,400 acres. During the year 1915 the defendant company, for the purpose of mining and removing coal under the land of the plaintiff and other land adjacent to it, made an opening or drift in the surface of the plaintiff's land. From this opening it laid and constructed its mine tracks across the surface of the plaintiff's land to its own land and thence to its tipple at the tracks of the Quemahoning Branch Railroad Company.

Since August, 1915, the defendant company has been engaged in mining and removing coal under the land of

the plaintiff and the land adjoining it and hauling the coal thus mined over the surface of the plaintiff's land to its tipple. The plaintiff concedes the right of the defendant to transport coal thus mined beneath the surface of his land, but denies its right to use the said surface railway to transport coal mined from land adjacent to his land. Accordingly the plaintiff filed a bill praying for an injunction to restrain the defendant from continuing the use of the railway for the transportation of coal thus mined from adjacent land. The court refused the injunction, hence this appeal.

The solution of the question depends entirely upon the construction of the clause of the deed above quoted. The question is a very narrow one. The clause consists of two grants, first, the right to mine and remove coal with all the mining rights and privileges necessary or convenient to such mining and removal of the same; and, second, "the free and unrestricted right to remove and carry away under said described premises other coal belonging to or that may hereafter belong to" the defendant. These two grants are quite independent of each other, and the second grant is not incidental to or in any way essential to the enjoyment of the first grant.

The bald question presented for our determination is, "Is the right to remove and carry away coal under said land to be construed to mean the right to carry coal not only under said land, but over and upon said land?" . To state the question is to answer it. The word "under" must be accepted in its ordinary sense and cannot be enlarged so as to be deemed to grant the right to carry and transport coal over the surface of the land as well as underneath it. The original grantors were doubtless willing to permit the grantee to carry coal mined from adjacent tracts underneath the surface of the land where it would occasion them no inconvenience and not interfere with their enjoyment of the surface rights. In their grant they were manifestly considering only what lay beneath the surface of the land. They granted the coal

underneath the surface of the tract of 104 acres, and in addition thereto they granted a right to carry coal from adjacent mines underneath the tract of 104 acres. They expressly reserved to themselves the surface rights. They obviously had no purpose of giving to the grantee any rights in the surface except such as were necessarily incident to the enjoyment of the right to remove the coal underneath that particular tract.

We feel, therefore, that the learned chancellor of the court below was in error in holding that this construction of the word "under" as contended for by the plaintiff was strained and unreasonable but that he should have granted the relief prayed for.

The cases relied upon by the learned judge of the court below do not support his conclusion. In Farrar v. Pittsburgh & Eastern Coal Company, 28 Pa. Superior Ct. 280, the words of the grant were, "a right-of-way into, upon and under said land." Had these words been used in the present grant no such difficulty could have arisen in the construction of the grant as is now presented. In Potter v. Rend, 201 Pa. 318, the words used were, "the privilege of mining and removing through any entries made in said coal other coal belonging to the parties of the second part." In that case the grantor contended that this language did not confer the right of passage through the entries to the surface, and in construing the grant this court held "the right of passage through the entries on the Potter tract meant passage through them to their exit, whether by drift or shaft." We did not hold that such a grant carried with it the right of transport over the surface of the land nor can we do so in the present case. We can derive little assistance from the consideration of other cases where the language differs from the case at bar. Each case must be determined upon the plain intent of the language used by the parties to the contract, and in this case the meaning is clear and without ambiguity.

The assignments of error are therefore sustained and the decree reversed; the record is remitted to the court below with direction that an injunction be granted restraining the defendant, its officers, servants, agents and employees from hauling coal over the lateral railroad laid upon the surface of the land of the plaintiff when such coal has been mined upon land of the defendant adjacent to and in the vicinity of the coal underlying the land of the plaintiff.